# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| SHAKARA LAW, *on behalf of herself* ) | Civil Action No. 17-225 |
| *and others similarly situated*, ) | |
| ) | <u>COMPLAINT - - CLASS ACTION</u> |
| Plaintiff, ) | |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| CREDIT CONTROL SERVICES, INC. ) | |
| d/b/a CREDIT COLLECTION ) | |
| SERVICES ) | |
| ) | |
| Defendant. ) | |

## NATURE OF ACTION

1.    Shakara Law ("Plaintiff") brings this class action against Credit Control Services, Inc. d/b/a Credit Collection Services ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

2.    Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and artificial or prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A)   to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> *****
>
> (iii)  to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States[.]

3.    Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls to numbers assigned to a cellular telephone service,

without prior express consent—in that it calls wrong or reassigned cellular telephone numbers that do not belong to those individuals it seeks to reach.

4.     Section 1692d of the FDCPA provides, in pertinent part:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

5.     Upon information and good faith belief, Defendant routinely violates 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse consumers in connection with the collection of debts, in that it continues to call consumers for the purpose of debt collection even after being informed that it is calling the wrong person.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

7.     Venue is proper before this Court under 28 U.S.C. § 1391(b) as Plaintiff resides in this district, the acts and transactions giving rise to Plaintiff's action occurred, in part, in this district, and as Defendant transacts business in this district.

## PARTIES

8.     Plaintiff is a natural person who at all relevant times resided in Mobile, Alabama.

9.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10.     Defendant is a debt collection company based in Norwood, Massachusetts.

11.     Defendant "represents high profile creditors nationally, and has been servicing volume based referrals for decades."[1]

12.     Defendant bills itself as "one of the nation's largest and most successful collection firms in [its] industry."[2]

13.     Defendant boasts of "facilities and leading edge call center technology that is recognized as best in class. Not only have we mastered complex servicing requirements, we continue to invest in the latest system technology to provide the highest performance levels possible."[3]

14.     Further, Customer Contact Solutions, one of Defendant's sister companies operating under the same corporate umbrella, offers "a complete multi-channel contact center; operating state of the art call centers with highly trained service representatives together with a proprietary AVM [Automated Voice

---

[1]      *See* https://www.ccsusa.com/usa.html (last visited May 15, 2017).

[2]      *See* https://www.ccsusa.com/usa.html (last visited May 15, 2017).

[3]      *See* https://www.ccsusa.com/usa.html (last visited May 15, 2017).

Messaging] platform which can generate millions of contacts daily. All personnel, hardware, software and AVM equipment is resident in-house." [4]

15.    That is, "[w]hether the campaign is live agent, AVM, or a skillful combination of the two approaches, [Customer Contact Solutions] will develop scripting/dialing strategies that will maximize customer contact rates and optimize campaign results." [5]

16.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

17.    Shortly after Plaintiff obtained a new cellular telephone number—(251) 301-XXXX—Defendant began placing calls to it.

18.    In an attempt to contact a third party unknown to Plaintiff for the purpose of attempting to collect a debt in default, Defendant placed numerous calls to cellular telephone number (251) 301-XXXX—a number for which Plaintiff is the subscriber and customary user.

19.    Defendant placed at least one call to Plaintiff's cellular telephone number on February 3, 2017, February 6, 2017, and March 28, 2017.

---

[4]    *See* https://www.ccsusa.com/crm.html (last visited May 15, 2017).

[5]    *See* https://www.ccsusa.com/crm.html (last visited May 15, 2017).

20.     Upon information and good faith belief, Defendant's records will show additional calls that it made to Plaintiff's cellular telephone number with an automatic telephone dialing system or an artificial or prerecorded voice.

21.     Defendant placed its calls to Plaintiff's cellular telephone number from (603) 570-4414—a telephone number assigned to Defendant.

22.     Defendant placed all of the above-referenced calls in an effort to contact and collect a debt allegedly owed by a third party named "Deborah," who was unknown to Plaintiff.

23.     On at least one occasion, Plaintiff answered a call from Defendant on her cellular telephone and, after a delay, was greeted by a representative asking to speak with someone named "Deborah."

24.     During the call, Plaintiff told the representative that Defendant was calling the wrong number, and requested that Defendant stop calling her cellular telephone.

25.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system.

26.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using equipment which has the capacity (i) to store or

produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers.

27.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using (i) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (ii) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (iii) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (iv) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related, reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008); *In the Matter of Rules and Regulations*

6

*Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

28.     Plaintiff does not have, nor had, any business relationship with Defendant.

29.     Plaintiff did not provide Defendant with her cellular telephone number.

30.     Plaintiff did not give Defendant prior express consent to place calls to her cellular telephone number by using an automatic telephone dialing system.

31.     Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

32.     Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number voluntarily.

33.     Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number under its own free will.

34.     Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number.

35.     Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system to place the calls at issue to Plaintiff's cellular telephone number.

36.    Upon information and good faith belief, Defendant maintains business records that show all calls it placed to Plaintiff's cellular telephone number.

37.    Plaintiff suffered actual harm as a result Defendant's calls in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

38.    As well, Defendant's calls at issue depleted or consumed, directly or indirectly, cellular telephone minutes for which Plaintiff paid a third party.

39.    Moreover, Defendant's calls at issue unnecessarily tied up Plaintiff's cellular telephone line.

40.    Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system to place calls to telephone numbers assigned to a cellular telephone service.

## CLASS ACTION ALLEGATIONS

41.    Plaintiff brings this action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of herself and two classes of similarly situated individuals:

### TCPA Class

All persons and entities throughout the United States (1) to whom Credit Control Services, Inc. d/b/a Credit Collection Services placed, or caused to be placed, calls (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) during the four years preceding the date of this complaint through and including the date of class certification, (5) absent prior

express consent—in that the called party was not the intended recipient of the call.

### Debt Collection Class

All persons and entities throughout the United States (1) to whom Credit Control Services, Inc. d/b/a Credit Collection Services placed, or caused to be placed, calls, (2) from one year prior to the date of this complaint through and including the date of class certification, (3) and in connection with the collection of a consumer debt, (4) after the called party informed Credit Collection Services, Inc. that it was calling the wrong person.

42.    Excluded from the classes is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

43.    The proposed classes satisfy Rule 23(a)(1) because, upon information and belief, they are so numerous that joinder of all members is impracticable.

44.    The exact number of class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery.

45.    The members of the classes are ascertainable because the classes are defined by reference to objective criteria.

46.    In addition, class members can be identified because, upon information and belief, their cellular telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

47.     There exists a well-defined community of interest in the questions of law and fact that affect the members of the classes.

48.     Plaintiff's claims are typical of the claims of the members of the classes.

49.     As it did for all members of the classes, Defendant used an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number, without prior express consent, and in violation of 47 U.S.C. § 227.

50.     Further, like all members of the proposed Debt Collection Class, Plaintiff received telephone calls from Defendant in connection with the collection of a consumer debt that she did not owe.

51.     Plaintiff's claims, and the claims of the members of the classes, originate from the same conduct, practice, and procedure on the part of Defendant.

52.     Plaintiff's claims are based on the same theory as are the claims of the members of the classes.

53.     Plaintiff suffered the same injuries as each of the members of the classes.

54.     Plaintiff will fairly and adequately protect the interests of the members of the classes.

55.     Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

10

56.    Plaintiff will vigorously pursue the claims of the members of the classes.

57.    Plaintiff has retained counsel experienced and competent in class action litigation.

58.    Plaintiff's counsel will vigorously pursue this matter.

59.    Plaintiff's counsel will assert, protect, and otherwise represent the members of the classes.

60.    Questions of law and fact common to the members of the classes predominate over questions that may affect individual class members.

61.    Among the issues of law and fact common to the class:

    a.  Defendant's violations of the TCPA as alleged herein;

    b.  Defendant's violations of the FDCPA as alleged herein;

    c.  The existence of Defendant's identical conduct;

    d.  Defendant's use of an automatic telephone dialing system as defined by the TCPA;

    e.  Defendant's practice of calling wrong or reassigned cellular telephone numbers;

    f.  Defendant's practice of attempting to collect debts that consumers do not owe;

    g.  Defendant's status as a debt collector as defined by the FDCPA; and

      h.  The availability of statutory penalties.

62.    A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

63.    If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

64.    The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

65.    The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

66.    These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

67.    The damages suffered by each individual member of the classes may be relatively small; thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

68.     The pursuit of Plaintiff's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

69.     There will be little difficulty in the management of this action as a class action.

70.     Defendant has acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

## Count I
## Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

71.     Plaintiff repeats and re-alleges each and every factual allegation included in paragraphs 1 through 70.

72.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system or an artificial or prerecorded voice to make and/or place non-emergency calls to Plaintiff's cellular telephone number, absent prior express consent.

73.     As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the TCPA Class are entitled to damages in an amount to be proven at trial.

## Count II
## Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

74.     Plaintiff repeats and re-alleges each and every factual allegation included in paragraphs 1 through 70.

75.     Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of consumer debts.

76.     Defendant did so by repeatedly dialing Plaintiff's cellular telephone number for the purpose of attempting to collect a debt that Plaintiff did not owe.

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

a.     Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

b.     Designating Plaintiff as a class representative under Rule 23;

c.     Designating Plaintiff's counsel as class counsel under Rule 23;

d.     Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e.     Enjoining Defendant from continuing to place telephone calls to Plaintiff's cellular telephone and to the cellular telephones of all class members without express consent;

f.      Awarding Plaintiff and members of the TCPA Class actual damages, or statutory damages under 47 U.S.C. § 227(b)(3) in an amount up to $1,500.00 per violation;

g.      Adjudging that Defendant violated 15 U.S.C. § 1692d, and enjoining Defendant from further violations of 15 U.S.C. § 1692d with respect to Plaintiff and the other members of the Debt Collection Class;

h.      Awarding Plaintiff and members of the Debt Collection Class statutory damages under the FDCPA;

i.      Awarding Plaintiff and members of the classes their reasonable costs, expenses, and attorneys' fees incurred in this action, including expert fees, under 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

j.      Awarding Plaintiff and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

k.      Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Dated:  May 19, 2017                          Respectfully submitted,

                                              s/ Gina DeRosier Greenwald
                                              Gina DeRosier Greenwald
                                              Jesse S. Johnson*
                                              Greenwald Davidson Radbil PLLC
                                              5550 Glades Road, Suite 500
                                              Boca Raton, FL 33431
                                              Telephone: (561) 826-5477
                                              Facsimile: (561) 961-5684
                                              ggreenwald@gdrlawfirm.com
                                              jjohnson@gdrlawfirm.com

                                              * to seek admission *pro hac vice*